IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES RICHARD ASBURY; and
JAMES RICHARD ASBURY AS
REPRESENTATIVE OF SAA, JJA, JDA, and ITA                    PLAINTIFFS

V.                          CASE NO. 3:18-CV-03005

AJIT PAI, DIRECTOR OF THE FEDERAL
COMMUNICATIONS COMMISSION;
HILLARY RODHAM CLINTON; NATIONAL
SECURITY AGENCY AGENTS; DEPARTMENT
OF HUMAN SERVICES WORKERS;
TUCKER, Fox Network Host; ADAM, Windstream
Communications Installer; SUPERINTENDENT AND
HIS WIFE, Berryville School District; JOHN, School
Psychiatrist; FEDERAL COMMUNICATIONS
COMMISSION; ESTHER MONTAROSA;
JAMES, Afeliat School Psychiatrist; OB[A]MA
COMMUNICATION TEAM                                          DEFENDANTS

## OPINION AND ORDER

Plaintiff James Richard Asbury has filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* ("IFP"). The case is before the Court for pre-service screening pursuant to the Prison Litigation Reform Act ("PLRA"). The PLRA modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state claims upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## I. BACKGROUND

The Amended Complaint (Doc. 8) is verbose and difficult to understand. Plaintiff alleges, among other things, the following: Defendants, the Department of Human Services ("DHS"), Hillary Clinton, and the Superintendent and psychiatrists (John and James) of the Berryville Schools, knew Plaintiff and his children are Christian so they helped DHS workers (who are Ku Klux Klan members) attack him by forcing Jesus on him; Defendants mentally abused him, slandered, and defamed him over the airways, and also used the Federal Communications Commission ("FCC") for insider trading; Defendants knew Esther Montarosa poisoned the Plaintiff and his kids, forcing them to stay with her; National Security Agency ("NSA") agents were placed in every business in America to overthrow "America as Ath[ei]st Devil worshipers [and] murderer[]s for cocain[e] drug carte[]ls"; the Obama Communications team, the NSA, and the Berryville schools "tampered with time on the phone" to obstruct justice and hurt Plaintiff's family; Plaintiff has suffered mental abuse, has been tortured, and has been raped as Defendants worked with the NSA to keep him from receiving help from any doctor; Defendants attempted to murder his kids; Hillary Clinton ruined his political career and "killed [Plaintiff and] angels brought [him] back"; and the NSA poisoned Plaintiff and his children to steal their sign-on bonuses.

Plaintiff also mentions a number of individuals and/or agencies that he has not listed as Defendants. These individuals will not be treated as named Defendants. It is clear Plaintiff understood how to name additional Defendants as he added two full pages of Defendants after the original four he listed in the area provided in the § 1983 form complaint he utilized in filing his Amended Complaint.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Plaintiff has asserted no plausible claims. First, to the extent he attempts to sue federal agencies or officers of federal agencies in their official capacities, the claims are subject to dismissal. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). This ruling applies to Plaintiff's claims against Ajit Pai, the director of the FCC, the FCC, and the NSA.

Second, any claims that state officials, Berryville school officials, and federal government officials were conspiring against Plaintiff and/or his children to deprive him of his constitutional rights are outlandish in nature and described in fantastic or delusional terms and are subject to dismissal. 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This also applies to his claims against Agents of the NSA, the DHS workers, the Superintendent and psychiatrists (John and James) of the Berryville Schools, the FCC and its director, Hillary Rodham Clinton, and the Ob[a]ma Communication Team.

Third, Plaintiff's claims against private individuals are subject to dismissal, as private individuals do not act under color of law for purposes of § 1983. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

In general, private individuals do not act under color of state law for purposes of § 1983. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). "[T]he state-action requirement reflects judicial recognition of that fact that most rights secured by the Constitution are protected only against infringement by governments." *Id.* (internal quotation marks and citation omitted). An exception to the general rule is when a private individual works in conspiracy with governmental actors. *See, e.g., United States v. Price*, 383 U.S. 787, 792 (1966). However, as noted above, the conspiracy allegations are outlandish, fanciful, and delusional. Thus, the private Defendants are entitled to dismissal. This includes, Hillary Rodham Clinton, Tucker (the Fox Network Host), Adam (the Windstream Communications Installer), Esther Montarosa, and the Ob[a]ma Communication Team.

Fourth, the Eleventh Amendment bars suits in federal court against a state by its own citizens. U.S. Const. Amend. 11; *see also Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends to state agencies. *Florida Dept. of Health & Rehabilitative Servs. v. Fla. Nursing Home Assn.*, 450 U.S. 147 (1981). The Arkansas DHS is a state agency. *George v. Ark. Dept. of Human Servs.*, 195 S.W.3d 399, 402 (Ark. App. 2004).

With respect to any official capacity claims against the DHS and its workers, the Eleventh Amendment bars any claims against them.

Finally, to the extent the Amended Complaint can be read as Plaintiff expressing a desire to press criminal charges against various Defendants, his claims are subject to dismissal. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

### III. CONCLUSION

For the reasons stated, the claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITH PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**IT IS SO ORDERED** on this 1st day of March, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE